IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS APARTMENT MANAGEMENT *As agent for Greenbriar Mill Townhomes*,<br><br>    Plaintiff,<br><br>  v.<br><br>ELISHA BETTS,<br><br>    Defendant pro se. | CIVIL ACTION FILE<br><br>NO. 1:14-CV-1667-WSD-WEJ |

**ORDER AND
<u>FINAL REPORT AND RECOMMENDATION</u>**

Defendant pro se, Elisha Betts, is facing dispossessory proceedings in the Magistrate Court of Fulton County, Georgia.  (<u>See</u> Notice of Removal [1-1] & Attach.)  In an apparent effort to forestall those proceedings, on May 30, 2014, defendant pro se filed in this Court a Notice of Removal [1-1] and an Application to Proceed in District Court Without Prepaying Fees or Costs [1].

The Court may grant Ms. Betts leave to proceed in forma pauperis ("<u>IFP</u>") only if it appears from the financial affidavit that she is "unable to pay" the filing fee. 28 U.S.C. § 1915(a)(1).  "When considering a motion filed pursuant to § 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the

AO 72A
(Rev.8/82)

affidavit satisfy the requirement of poverty.'" Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (quoting Watson v. Ault, 525 F.2d 886, 891 (11th Cir. 1976)). The Court has broad discretion to grant or deny an application to proceed IFP. Id. at 1306. A review of defendant's financial affidavit suggests that she is incapable of paying the filing fee. Accordingly, the Court **GRANTS** defendant's request to proceed in forma pauperis [1]. However, the Court is compelled to remand any action which has been improperly removed; therefore, the Court examines this case to determine if removal is proper.

A party who removes a state court case to federal district court pursuant to 28 U.S.C. § 1441 must prove that the court possesses "original jurisdiction." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). Removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand. See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). The removing party has the burden of demonstrating the propriety of removal, Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996), and federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking, Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003).

Original jurisdiction arises if there is diversity of parties or a federal question. 28 U.S.C. § 1441(a)-(b).  However, § 1441(b)(2) bars removal on the basis of diversity if the "defendant[] is a citizen of the State in which [the] action is brought." Id. § 1441(b).  Likewise, unless a "substantial" federal question is presented on the face of the state court complaint, the case does not arise under federal law.  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997).  Neither a defendant's answer nor a notice of removal may be used to establish federal question jurisdiction.  Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); Buice v. Buford Broad., Inc., 553 F. Supp. 388, 389 (N.D. Ga. 1983).

As a resident of Atlanta, Georgia, it appears that defendant pro se is a Georgia citizen; thus, the Court does not have diversity jurisdiction over this Fulton County dispossessory action.  Likewise, the document from state court defendant pro se has attached to the Notice of Removal indicates no federal question; rather it appears that she is attempting to invoke federal question jurisdiction on the basis of a federal defense or counterclaim.  However, a defense to a civil action does not provide a basis for removal. See Vaden v. Discover Bank, 556 U.S. 49, 62 (2009) ("[C]ounterclaims, even if they rely exclusively on federal substantive law, do not

3

qualify a case for federal-court cognizance."); Arkansas v. Kan. & Tex. Coal Co., 183 U.S. 185, 188 (1901) ("[J]urisdiction is not conferred by allegations that defendant intends to assert a defense based on the Constitution or a law or treaty of the United States . . . ."). Thus, under the "well-pleaded complaint" rule, defendant pro se has failed to demonstrate that the Court has subject matter jurisdiction over plaintiff's claim. Accordingly, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Fulton County under 28 U.S.C. § 1447(c).

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 3rd day of June, 2014.

_Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)