IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS APARTMENT
MANAGEMENT as agent for
GREENBRIAR MILL TOWNHOMES,

                Plaintiff,

v.                                     1:14-cv-1667-WSD

ELISHA BETTS,

                Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Walter E. Johnson's Final Report and Recommendation [3] ("R&R"), which recommends remanding this dispossessory action to the Magistrate Court of Fulton County, Georgia.

**I.**    **BACKGROUND**

On May 14, 2014, Plaintiff Thomas Apartment Management as agent for Greenbriar Mill Townhomes ("Plaintiff") initiated a dispossessory proceeding against its tenant Defendant Elisha Betts ("Defendant") in the Magistrate Court of Fulton County, Georgia.  The Complaint seeks possession of premises currently occupied by Defendant, plus past due rent, late fees, and costs.

On May 30, 2014, Defendant, proceeding *pro se*, removed the case to this Court by filing her Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1]. Defendant appears to assert that there is federal subject-matter jurisdiction based on the existence of a question of federal law. She claims in her Notice of Removal that this action violates "15 USCA 1692," "Rule 60 of the Federal Rule of Civil Procedure [sic]," and the "14th Amendment of the U.S. Constitution."

On June 3, 2014, Magistrate Judge Johnson granted Defendant's application to proceed IFP. Judge Johnson also considered *sua sponte* the question of federal jurisdiction and recommends that the Court remand this case to the state court.

Judge Johnson found that Plaintiff's underlying pleading shows that this action is a dispossessory proceeding that does not invoke a federal question. Noting that a federal law defense or counterclaim alone is not sufficient to confer federal jurisdiction, Judge Johnson concluded that the Court does not have federal question jurisdiction over this matter.[1]

There are no objections to the R&R.

---

[1] Judge Johnson further noted that the Court does not have diversity jurisdiction over this matter because both Plaintiff and Defendant appear to be citizens of Georgia.

**II.    DISCUSSION**

    A.    <u>Legal Standard</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    <u>Analysis</u>

Defendant does not object to the R&R's conclusion that Plaintiff's Complaint does not present a federal question.  The Court does not find any error in this conclusion.  It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  <u>See</u> <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6 (2003); <u>Holmes Group, Inc. v. Vornado Air</u>

Circulation Systems, Inc., 535 U.S. 826, 830-32 (2002).[2]  This action is thus required to be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Walter E. Johnson's Final Report and Recommendation [3] is **ADOPTED**.  This action is **REMANDED** to the Magistrate Court of Fulton County, Georgia.

**SO ORDERED** this 2nd day of July, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Court also does not find plain error in the Magistrate Judge's conclusion that the Court lacks diversity jurisdiction over this matter.  See 28 U.S.C. § 1332(a)(1) (providing that diversity jurisdiction exists over civil actions between "citizens of different States").